| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Todd Jason Roberts, Esq. SBN 181945<br>LAW OFFICES OF TODD JASON ROBERTS<br>16601 Ventura Boulevard, 4th Floor<br>Encino, CA 91436<br><br>Tel. 818.906.8000<br>Fax 818.906.8099<br>email: tjresq@robertsdebtsolutions.com<br><br>☐ Individual appearing without attorney<br>☒ Attorney for: Debtor | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| In re:<br><br>NANCY C. SCANLON<br><br><br><br>Debtor(s). | CASE NO.: 2:12-bk-47349 SK<br>CHAPTER: 13<br><br>**DEBTOR'S NOTICE OF MOTION AND MOTION TO AVOID JUNIOR LIEN ON PRINCIPAL RESIDENCE**<br>**[11 U.S.C. § 506(d)]**<br><br>DATE: 06/20/2013<br>TIME: 8:30 am<br>COURTROOM: 1575 |
|---|---|

1. TO: JPMorgan Chase Bank, N.A., its assignees and/or successors in interest.

2. NOTICE IS HEREBY GIVEN that on the above date and time and in the indicated courtroom, Movant in the above-captioned matter will move this court for an order granting the relief set forth in the motion and accompanying supporting documents served and filed herewith.

3. **Hearing Location:**

    ☒ 255 East Temple Street, Los Angeles, CA 90012    ☐ 411 West Fourth Street, Santa Ana, CA 92701
    ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367    ☐ 1415 State Street, Santa Barbara, CA 93101
    ☐ 3420 Twelfth Street, Riverside, CA 92501

4. **Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one. (*If you do not have an attorney, you may wish to consult one.*)

5. **Deadline for Opposition Papers:** This motion is being heard on regular notice pursuant to LBR 9013-1. If you wish to oppose this motion, you must file a written response with the court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than 14 days prior to the above hearing date. If you fail to file

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

a written response to this Motion within such time period, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

6. **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according the judge's self-calendaring procedures.

Date: 5/20/2013

LAW OFFICES OF TODD J ROBERTS
Printed name of law firm (if applicable)

Todd Jason Roberts
Printed name of Debtor or attorney for Debtor

_[signature]_
Signature of Debtor or attorney for Debtor

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2012    Page 2    F 4003-2.4.JR.LIEN.MOTION

**MOTION TO AVOID JUNIOR LIEN ON PRINCIPAL RESIDENCE [11 U.S.C. § 506(d)]**
(DEBTOR: Nancy C. Scanlon                                          )

**NAME OF CREDITOR HOLDING JUNIOR LIEN (Respondent):** JPMOrgan Chase Bank, N.A.

1. **Property at Issue:** Debtor moves to avoid the junior deed of trust, mortgage or other encumbrance (Lien) encumbering the following real property (Property), which is the principal residence of debtor.

    Street address:       5000 So. Centinella Avenue,
    Unit number:          313
    City, state, zip code: Los Angeles, CA 90066

    Legal description of Property or document recording number (*including county of recording*):
    Please See "Legal Description" Attachment directly following this Motion.

    ☒ See attached page for legal description of Property or document recording number.

2. **Case History:**

    a. A voluntary petition under chapter ☐ 7 ☐ 11 ☐ 12 ☒ 13 was filed on (*specify petition date*): 11/07/2012.

    b. ☐ An Order of Conversion to chapter 13 was entered on (*specify date*): _____.

3. **Grounds for Avoidance of Junior Lien:**

    a. As of (*date of title review*) 11/07/2012, the Property is subject to the following liens in the amounts specified securing the debt against the Property that the Debtor seeks to have treated as indicated:

        (1) (*Name of holder of 1st lien*) Bank of America, N.A. in the amount of $ 272,726.56.

        (2) (*Name of holder of 2nd lien*) JPMorgan Chase Bank, N.A. in the amount of $ 90,138.90    ☒ is ☐ is not  to be avoided;

        (3) (*Name of holder of 3rd lien*) n/a in the amount of $ _____  ☐ is ☐ is not  to be avoided;

        ☐ See attached page for additional lien(s).

    As of (*date of valuation/appraisal*) 11/07/2012, Property is worth no more than (*value per valuation/appraisal*) $ 245,000.00.

    b. As a result, each Respondent's Lien encumbering the Property is wholly unsecured.

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2012                                Page 3                        F 4003-2.4.JR.LIEN.MOTION

c. **Evidence in Support of Motion:**

(1) ☒ The amount of the lien identified in paragraph 3(a)(1) is based on (*type of evidence*) Proof of Claim& attached recorded dot , attached hereto and identified as Exhibit _A_ .

(2) ☒ The amount of the lien identified in paragraph 3(a)(2) is based on (*type of evidence*) Proof of Claim& attached recorded dot , attached hereto and identified as Exhibit _B_ .

(3) ☐ The amount of the lien identified in paragraph 3(a)(3) is based on (*type of evidence*) _____, attached hereto and identified as Exhibit ___ .

(4) ☒ The relative priority of the liens encumbering the Property is established by evidence attached as Exhibit _a-b_.

(5) ☒ The value of the Property from paragraph 3(b) is based on (*type of evidence*) _appraisal, comps & lay opinion_ , attached as Exhibit _C_ .

(6) ☒ Debtor submits the attached Declaration(s).

(7) ☐ Other evidence (*specify/identify supplemental evidence*): _____
_____, attached as Exhibit ___.

d. **WHEREFORE, Debtor prays that this court issue an order granting this motion and establishing that:**

(1) The Property is valued at no more than (*requested value*) $ _245,000.00_ .

(2) No payments are to be made on the secured claim of the Respondent, and regular mortgage maintenance payments are not to be made, before the Debtor's ☒ completion of the chapter 13 plan, or ☒ receipt of a chapter 13 discharge.

(3) Respondent's(s') claim on the junior position lien(s) shall be allowed as a nonpriority general unsecured claim(s) in the amount per filed Proof of Claim.

(4) The avoidance of the Respondent's(s') junior lien(s) is contingent upon: Debtor's ☒ completion of the chapter 13 plan, or ☒ receipt of a chapter 13 discharge.

(5) The Respondents shall retain its/their lien(s) in the junior position for the full amount due under the corresponding note and lien in the event of either the dismissal of the Debtor's chapter 13 case, the conversion of the Debtor's chapter 13 case to any other chapter under the United States Bankruptcy Code, or if the Property is sold or refinanced prior to the Debtor's ☒ completion of the chapter 13 plan or ☒ receipt of a chapter 13 discharge.

(6) In the event that the holder of the first position lien or any senior lien on the Property forecloses on its interest and extinguishes the Respondent's(s') lien rights prior to the Debtor's completion of the chapter 13 plan and receipt of a chapter 13 discharge, the Respondent's(s') lien(s) shall attach to the proceeds greater than necessary to pay the senior lien, if any, from the foreclosure sale, subject to the priority of any such junior lien(s).

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2012    Page 4    **F 4003-2.4.JR.LIEN.MOTION**

e. ☐ See attached continuation page for additional provisions.

Date: 05/20/2013

Respectfully submitted,

_____
Signature of Debtor or attorney for Debtor

Todd Jason Roberts
Printed name of Debtor or attorney for Debtor

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2012                    Page 5                    F 4003-2.4.JR.LIEN.MOTION

## DECLARATION OF NANCY C. SCANLON IN SUPPORT OF
## MOTION FOR DEFAULT JUDGMENT, BANKRUPTCY CASE NO.: 2:12-bk-47349 SK

I, **NANCY C. SCANLON**, declare:

I know the following facts to be true from my own personal knowledge, except those facts which are stated on information and belief and as to those facts I believe them to be true. I could and would competently testify under oath to the truthfulness of the following facts:

1. I am the debtor in the underlying Chapter 13 Bankruptcy case, filed on November 7, 2012..

2. I am the debtor.

3. I caused my counsel to file the "Notice of Motion and Motion to Avoid Junior Lien on Principal Residence ; 11 U.S.C. Section506(d)]" (hereinafter the "motion") to Extinguish the Junior, Consensual Lien of JPMorgan Chase Bank, N.A. (hereinafter "Respondent") regarding my residence located at 5000 S. Centinela Ave # 313, Los Angeles, CA 90066 (hereinafter referred to as "Subject Property"). The Subject Property is my primary residence and is more particularly described as:

**A Condominium comprised of:**

**Parcel 1:** An undivided 780/120345 interest in and to all that portion of lot 1 of tract no. 34657, in the city of Los Angeles County of Los Angeles, State of California as per map recorded in book 943 page 65 and 66 of maps, in the office of the County recorder of said county, shown and defined as "Common area" on the condominium plan recorded March 23, 1984 as instrument no. 84-357052, of official records of said County. Except there from all oil, Gas, minerals and other hydrocarbon substances lying below the surface of said land, but without the right of surface entry, as reserved or granted in documents of record.

**Parcel 2:** all that portion of lot 1 of said tract no. 34657 shown and defined as unit no. 313 on said condominium plan.

**Parcel 3:** Exclusive easement(s) for the benefit of an appurtenant to parcels 1 and 2, above, for parking purposes over those portions of lot 1 of said tract no. 34657 shown and defined as area(s) P-222 and P-223 on said condominium plan.

**Parcel 4:** non-exclusive easements for the benefit of and appurtenant to parcels 1 and 2, above, as such easements are set forth in the sections entitled "certain easements for

1

owners" and "support, settlement and encroachment" of the article of the "declaration" entitled "easements."
APN: 4221-022-143

4. My Chapter 13 Plan is pending Curt approval and as has been continued for hearing on July 25, 2013 at 10:00 am..

5. My lay opinion as the value of the Subject property is $240,000 although I will defer to my expert. The appraised value of the Property is $245,000.00 as of 2009, however, I also have secured the sworn statement of the same CA licensed appraiser who originally inspected the subject property to offer his professional opinion as to the current value of the subject property based upon current comparable sales analysis . Please see Fahimdejban Declaration, attached hereto. The appraisal was conducted on or about August 26, 2009, however, as noted above, there has not been any real upward movement in the value of the subject property based upon actual sales in the last several years. The subject property itself is older and in need of major repairs and upgrades and the building itself as similar needs in so far as it is in need of major repairs and upgrades. It is an older building.

6. The Subject Property is subject to a Note and Deed of Trust, in first position, with Bank of America, N.A. (hereinafter "BAC"). The amount of the Note is currently $272,726.56.[1] The Deed and Note were recorded against the Subject Property. The original executed promissory note with BAC was recorded under instrument no. **04**-2162380 in the Los Angeles County Clerk and Recorder's Office. Attached hereto, marked **Exhibit "A"** is a true and correct copy of the December 21, 2012 dated Proof of Claim (Claim No. 3-1) filed by BAC Home Loans Servicing, LP which contains the Recorded Note and first deed of trust.

7. The Subject Property is further encumbered by a Second Trust Deed with Respondent, JPMorgan Chase Bank, N.A., (hereinafter "Respondent"). The amount of the Note is $90,138.90 as evidenced by Respondent's proof of claim filed in the herein instant action on

---

[1] This value was derived from BAC's proof of claim filed on December 21, 2012 9/25/09 in the underlying bankruptcy case.

January 11, 2103 reflecting a balance due of $90,157.35. The Deed was recorded against the subject property on or about December 21, 2005, under Instrument number **05**-3146844 recorded with the Los Angeles County Clerk and Recorder's Office. Attached hereto, marked **Exhibit "B"** is the January 11, 2013 Proof of Claim (Claim No. 4-1) filed by Respondent which contains the Second Deed of Trust.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and complete to the best of my knowledge. Executed at Los Angeles, California on this 20th day of May, 2013.

_Nancy Scanlon_
Nancy Scanlon, Debtor